Rodeen Talebi (CA SBN 320392)
talebi@fr.com
FISH & RICHARDSON P.C.
500 Arguello St. Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Neil J. McNabnay (*Pro Hac Vice*)
mcnabnay@fr.com
Ricardo J. Bonilla (*Pro Hac Vice*)
rbonilla@fr.com
Noel F. Chakkalakal (*Pro Hac Vice*)
chakkalakal@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Counsel for Defendant
FINALE, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FINALE, INC.<br><br>Defendant. | Case No. 5:21-cv-03119-TSH<br><br>**FINALE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Finale, Inc. ("Finale" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Scanning Technologies Innovations LLC's ("Plaintiff" or "Scanning Technologies") Complaint for Patent Infringement ("Complaint"). Finale denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

## PARTIES AND JURISDICTION

1. Finale admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

2. Finale admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Finale is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Finale admits the allegations in Paragraph 4 of the Complaint.

5. Finale does not contest that the Court has personal jurisdiction over it in this case. Finale admits that it conducts business in the State of California. Finale denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Finale admits that it conducts business in the State of California, including using, importing, and offering for sale the accused products. Finale denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

---

[1] For avoidance of doubt, Finale denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

Case No. 3:21-cv-03119
FINALE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S COMPLAINT

## VENUE

7. Finale does not contest that venue is proper in this case, but denies that venue is convenient. Finale denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## COUNT I: [ALLEGED] INFRINGEMENT OF THE '101 PATENT

8. Finale incorporates paragraphs 1 through 7 herein by reference.

9. Finale admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, in particular, under 35 U.S.C. §§ 271, *et seq.*

10. Finale is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Finale admits that a purported copy of U.S. Patent No. 10,600,101 (the "'101 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Systems and Methods for Indicating the Existence of Accessible Information Pertaining to Articles of Commerce."

12. Finale denies the '101 Patent is valid and enforceable. Finale is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. Finale denies the allegations in Paragraph 13 of the Complaint.

14. Finale denies the allegations in Paragraph 14 of the Complaint.

15. Finale denies the allegations in Paragraph 15 of the Complaint.

16. Finale denies the allegations in Paragraph 16 of the Complaint.

17. Finale denies the allegations in Paragraph 17 of the Complaint.

18. Finale denies the allegations in Paragraph 18 of the Complaint.

19. Finale denies the allegations in Paragraph 19 of the Complaint.

20. Finale denies the allegations in Paragraph 20 of the Complaint.

21. Finale denies the allegations in Paragraph 21 of the Complaint.

22. Finale denies the allegations in Paragraph 22 of the Complaint.

23. Finale denies the allegations in Paragraph 23 of the Complaint.

24. Finale denies the allegations in Paragraph 24 of the Complaint.

25. Finale denies the allegations in Paragraph 25 of the Complaint.

26. Finale is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Finale denies the Plaintiff is entitled to any relief from Finale and denies all the allegations contained in Paragraphs (a)-(e) (including any subparts) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Finale's Affirmative Defenses are listed below. Finale reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Finale has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '101 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '101 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff and any predecessors in interest to the '101 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Finale's actions allegedly infringe the '101 Patent, Finale is not liable to Plaintiff for the acts alleged to have been performed before Finale received actual notice that it was allegedly infringing the '101 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Finale indirectly infringes, either by contributory infringement or inducement of infringement, Finale is not liable to Plaintiff for the acts alleged to have been performed before Finale knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '101 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Finale.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '101 Patent does not claim patent eligible subject matter under 35 U.S.C. § 101.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Finale comprises: "a mobile device

comprising a portable handheld housing and a communication interface configured to enable the mobile device to communicate with a communication network, the mobile device further comprising a signal processing device and a visual input device, the visual input device affixed within the portable handheld housing"; "digital files associated with the mobile device"; "a server in communication with the communication network, the server comprising a server database configured to store a look-up table that includes at least a plurality of bar codes associated with a plurality of articles of commerce, the look-up table also storing a plurality of information link indicators, each information link indicator associated with a respective bar code and article of commerce, and each information link indicator being configured as a status signal indicating the existence or absence of a link to information pertaining to a respective article of commerce, the link being made to the information via the communication network"; and "wherein the visual input device is configured to scan an image of an article of commerce, decode the image to obtain a bar code and forward data from the scanned image to the signal processing device"; and "wherein, in response to receiving the bar code, the signal processing device is configured to look up the bar code in the look-up table to determine from a respective information link indicator whether or not a link exists for accessing information pertaining to an article of commerce associated with the bar code via the communication network"; as required by Claim 1 of the '101 Patent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '101 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## TWELFTH AFFIRMATIVE DEFENSE

Should Finale be found to infringe any valid, enforceable claim of the '101 Patent, such infringement was not willful.

## FINALE'S COUNTERCLAIMS

For its counterclaims against Plaintiff Scanning Technologies Licensing LLC ("Scanning Technologies"), Counterclaim Plaintiff Finale, Inc. ("Finale"), alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Finale, Inc. is an entity organized and existing under the laws of California that maintains a place of business at 165 Hawthorne Ave., Palo Alto, CA 94301.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Scanning Technologies Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 1801 NE 123 St., Suite 314, Miami, FL 33181.

## JURISDICTION

3. Finale incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least

35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Scanning Technologies has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Scanning Technologies's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

# COUNT I
# DECLARATION REGARDING NON-INFRINGEMENT OF THE '101 PATENT

7. Finale incorporates by reference Paragraphs 1–6 above.

8. Based on Scanning Technologies's filing of this action and at least Finale's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Finale infringes U.S. Patent No. 10,600,101 (the "'101 Patent").

9. Finale does not infringe at least Claim 1 of the '101 Patent because, *inter alia*, the accused system does not comprise: "a mobile device comprising a portable handheld housing and a communication interface configured to enable the mobile device to communicate with a communication network, the mobile device further comprising a signal processing device and a visual input device, the visual input device affixed within the portable handheld housing"; "digital files associated with the mobile device"; "a server in communication with the communication network, the server comprising a server database configured to store a look-up table that includes at least a plurality of bar codes associated with a plurality of articles of commerce, the look-up table also storing a plurality of information link indicators, each information link indicator associated with a respective bar code and article of commerce, and each information link indicator

being configured as a status signal indicating the existence or absence of a link to information pertaining to a respective article of commerce, the link being made to the information via the communication network"; and "wherein the visual input device is configured to scan an image of an article of commerce, decode the image to obtain a bar code and forward data from the scanned image to the signal processing device"; and "wherein, in response to receiving the bar code, the signal processing device is configured to look up the bar code in the look-up table to determine from a respective information link indicator whether or not a link exists for accessing information pertaining to an article of commerce associated with the bar code via the communication network."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Finale requests a declaration by the Court that Finale has not infringed and does not infringe any claim of the '101 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. Finale incorporates by reference Paragraphs 1–10 above.

12. Based on Scanning Technologies's filing of this action and at least Finale's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '101 Patent.

13. The asserted claims of the '101 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 8,489,598 and U.S. Patent No. 8,457,449.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Finale requests a declaration by the Court that the claims of the '101 Patent are invalid for failure to comply with one or more of the requirements of United

States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Finale asks this Court to enter judgment in Finale's favor and against Scanning Technologies by granting the following relief:

a) a declaration that the '101 Patent is invalid;

b) a declaration that Finale does not infringe, under any theory, any valid claim of the '101 Patent that may be enforceable;

c) a declaration that Scanning Technologies take nothing by its Complaint;

d) judgment against Scanning Technologies and in favor of Finale;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Finale of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

**JURY DEMAND**

Finale hereby demands trial by jury on all issues.

Dated: June 7, 2021                             Respectfully submitted,

                                                By: */s/ Rodeen Talebi*
                                                Rodeen Talebi

Case No. 3:21-cv-03119
FINALE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT